**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001143
30-JUL-2015
08:11 AM**

NO. CAAP-14-0001143

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
TAKSON KRSTOTH, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1293)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Leonard and Ginoza, JJ.)

Defendant-Appellant Takson Krstoth (**Krstoth**) appeals from the "Judgment of Conviction and Sentence" entered August 1, 2014 in the Circuit Court of the First Circuit[1] (**circuit court**).

On appeal, Krstoth contends the circuit court erred in denying his April 14, 2014 "Motion to Withdraw Plea" in spite of his testimony that his attorney and interpreter had pressured him to plead guilty and that he did not understand why he was pleading guilty.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Krstoth's appeal is without merit.

The denial of a Hawai'i Rules of Penal Procedure (**HRPP**) Rule 32(d) motion to withdraw a plea of guilty, prior to the

---

[1]     The Honorable Randal K.O. Lee presided.

imposition of sentence is reviewed for abuse of discretion. State v. Gomes, 79 Hawai'i 32, 897 P.2d 959 (1995). "An abuse of discretion occurs if the trial court has 'clearly exceeded the bounds of reason or has disregarded rules or principles of law or practice to the substantial detriment of a party litigant.'" Gomes, 79 Hawai'i at 36, 897 P.2d at 963.

To withdraw a plea before sentencing, as in this case, Krstoth was required to present a fair and just reason for withdrawal and that the "State has not relied upon the plea to its substantial prejudice." Id. (quoting State v. Adams, 76 Hawai'i 408, 411, 879 P.2d 513, 516 (1994)). "The two fundamental bases for showing a 'fair and just reason' for withdrawing a guilty plea are (1) that the defendant did not knowingly, intelligently and voluntarily waive the rights relinquished upon pleading guilty, or (2) that changed circumstances or new information justify withdrawal of the plea." State v. Topasna, 94 Hawai'i 444, 452, 16 P.3d 849, 857 (App. 2000). Because

> [a] trial judge is constitutionally required to ensure that a guilty plea is voluntarily and knowingly entered[,] . . . the court "should make an affirmative showing by an on-the-record colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences."

State v. Solomon, 107 Hawai'i 117, 126, 111 P.3d 12, 21 (2005) (quoting State v. Williams, 68 Haw. 498, 499, 720 P.2d 1010, 1012 (1986) and State v. Vaitogi, 59 Haw. 592, 602, 585 P.2d 1259, 1265 (1978)). "Additionally, when a trial court accepts a guilty plea, HRPP Rule 11 requires the court to first address the defendant personally in open court and then determine that the plea is voluntary[.]" Solomon, 107 Hawai'i at 127, 111 P.3d at 22.

On April 16, 2013, the circuit court conducted a change of plea colloquy with Krstoth, who wished to change his plea from not guilty to guilty. There is no indication Krstoth was confused or reluctant to enter a changed plea to the charge. Krstoth was questioned as to his age; education; language

ability; and whether he was under the influence of drugs or alcohol, or under treatment for mental or emotional illness/disability. Krstoth indicated that his mind was clear. He acknowledged his signature on the change of plea form and confirmed that his lawyer went over the plea form with him with the assistance of an interpreter. Krstoth told the circuit court he did not have any questions about the plea form and that his attorney explained the charge and the possible defenses. Krstoth said that he understood the maximum penalty for the offense was life with the possibility of parole. Krstoth acknowledged that his attorney went over the plea offer as set out in Plaintiff-Appellee State of Hawai'i's letter attached to the change of plea form. As the court was discussing the terms of the plea agreement, Krstoth did question the circuit court as to the meaning of a "pre-sentence diagnosis and report," thus indicating that he knew to ask the court for an explanation when he did not understand something. The court explained the process and the report at length to Krstoth. Krstoth appeared satisfied with the circuit court's explanation and had no other questions about the report when asked.

The circuit court reviewed the terms of the guilty plea agreement with Krstoth. Krstoth indicated that he understood the agreement and the terms were acceptable to him. Krstoth told the circuit court that he had no further questions. He acknowledged that no one was forcing him to accept the guilty plea agreement and that it was something he wanted to do.

The circuit court reviewed with Krstoth his right to plead not guilty and have a trial and that by pleading guilty he was giving up some of his rights. The circuit court explained the jury trial process, the right to file pre-trial motions and that by pleading guilty he was giving up a number of his rights, which were set forth by the court. The circuit court also informed Krstoth that he could not say after sentencing that he didn't like his sentence and wanted a trial instead. The circuit court again explained the penalties and asked Krstoth if he had

any questions about anything the court had explained. Krstoth answered no. Krstoth also reaffirmed that no one was threatening him, forcing him or pressuring him to plead guilty and that he was pleading guilty of his own free will. Krstoth affirmed that there were no other promises in return for his guilty plea and that he was satisfied with his lawyer.

On September 13, 2013, Krstoth was appointed a new attorney. On April 14, 2014, Krstoth filed a "Motion to Withdraw Plea." At the change of plea hearing held that same day, Krstoth's former attorney and interpreter both testified that they did not pressure Krstoth to plead guilty and that it appeared Krstoth understood why he was pleading guilty. The record in this case does not support Krstoth's contention that the circuit court abused its discretion in denying his "Motion to Withdraw Plea."

Therefore,

IT IS HEREBY ORDERED that "Judgment of Conviction and Sentence" entered August 1, 2014 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, July 30, 2015.

On the briefs:

William Li
for Defendant-Appellant.

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4